UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARAU,<br><br>    Plaintiff,<br><br>v.<br><br>ROCKET MORTAGAGE, LLC, et al.,<br><br>    Defendants. | Case No. 22-cv-07715-JSC<br><br>**ORDER RE: MOTIONS TO DISMISS**<br><br>Re: Dkt. No. 32 |

Plaintiff, proceeding without the assistance of a lawyer, filed this action against Treasury Secretary Janet Yellen and other employees of the United States Treasury, Rocket Mortgage, LLC (his original mortgage lender), Mortgage Electronic Registration Systems, Inc., Lakeview Servicing (the current servicer of Plaintiff's mortgage), and Frank La Salla, for Quiet Title, an Accounting, and a "Restraint of Trade" with respect to the mortgage loan on Plaintiff's property in Berkeley, California. After carefully considering the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Defendants' motions to dismiss.

**BACKGROUND**

Plaintiff's complaint is difficult to understand. Plaintiff seems to allege he discharged his mortgage debt by sending bonds to the Depository Trust and Clearing Corporation in New York. DTCC, he alleges, was "supposed to send them (funds) to the U.S. Treasury for further payment to the 'Holder' of the debt." (Dkt. No. 12 at 2.)[1] The "bond" Plaintiff references is a series of incomprehensible documents with quasi-legal terminology. (*See* Dkt. No. 45.) As best the Court can tell, Plaintiff points to his birth certificate, claims he discharged that document to the Treasury, which (he claims) was supposed to pass funds to satisfy his mortgage debt. (*Id.*)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**DISCUSSION**

I.    **Legal Standard**

Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (cleaned up). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Moreover, when a plaintiff proceeds without representation by a lawyer, the Court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (cleaned up).

But the Court need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

"Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (cleaned up).

2

## II.     Motions to Dismiss

Plaintiff's legal theory stems from some version of a redemption scam. *See United States v. Weldon*, No. 1:08-CV-01643-LJO-SMS, 2010 WL 1797529, at *3 (E.D. Cal. May 4, 2010) (describing the history of redemption scams).[2]  In other words, Plaintiff's claims stems from the notion that one can redeem bonds from the government by filing certain forms or securing an instrument with one's birth certificate.  Courts characterize the redemption theory as "implausible," "clearly nonsense," "convoluted," and "peculiar." *Id.* (citing *Bryant v. Washington Mutual Bank*, 524 F.Supp.2d 753, 760 (W.D.Va.2007), *aff'd*, 282 Fed.Appx. 260 (4th Cir. 2008); *United States v. Allison*, 264 Fed.Appx. 450, 452 (5th Cir. 2008)).

The Court agrees with those cited authorities and finds Plaintiff's theory lacks any legal foundation.  Because this redemption misconception underlies Plaintiff's claims, Plaintiff's complaint fails to state a claim upon which relief can be granted. *Johnson,* 534 F.3d at 1121.  For example, a party cannot "quiet title without discharging h[is] debt. The cloud upon h[is] title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974).  Similarly, an accounting claim requires "some balance is due [to] the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179, 92 Cal. Rptr. 3d 696, 715 (2009).  But because the quiet title and accounting claims rely on the redemption theory, Plaintiff fails to state facts sufficient to state a claim his debt was discharged, or that an amount is due to him.

Finally, to the extent Plaintiff alleges Defendants engaged in a "restraint of trade" in violation of federal antitrust laws, that claim also fails.  To state a claim under the Sherman Act, Plaintiff must allege: "(1) an agreement or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain competition; and (3) which actually injures competition." *Kendall v. Visa U.S.A. Inc.*, 2005 WL 2216941, at *2 (N.D. Cal. Jul. 25, 2005), aff'd, 518 F.3d 1042 (9th Cir. 2008) (citation omitted).  Plaintiff provides no facts supporting any relationship among Defendants.

---

[2] *See also* U.S. DEPT. OF THE TREASURY, Birth Certificate Bonds, https://www.treasurydirect.gov/laws-andregulations/fraud/birth-certificate-bonds/

**III.   Leave to Amend**

Before dismissing a civil complaint filed by a litigant without the assistance of counsel, the plaintiff should be given "notice of the deficiencies in his or her complaint" and be provided "an opportunity to amend the complaint to overcome deficiencies unless it is clear [the deficiencies] cannot be cured by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

To the extent Plaintiff attempts to plead claims based on a redemption theory, any amended complaint would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Thus, Plaintiff's redemption theory-based claims are dismissed without leave to amend.[3]

## CONCLUSION

The Court interprets Plaintiff's complaint as bringing redemption-theory based claims. For the reasons stated above, Plaintiff's claims are dismissed without leave to amend any redemption-based claims. To the extent Plaintiff believes he can amend the complaint to state claims based on a different, but viable, theory, he must file his amended complaint by **July 17, 2023.** Failure to file an amended complaint by that deadline will result in judgment being entered against Plaintiff on the complaint. The hearing scheduled for July 6, 2023 is VACATED.

**IT IS SO ORDERED.**

This Order resolves Dkt. Nos. 16, 32, 57, 62.

Dated: June 26, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

---

[3] Plaintiff also filed an "Order to Show Cause Why Quiet Title Should Not Issue." (Dkt. No. 16.) That motion is DENIED for the reasons stated above.

4